# Exhibit A

MARYANN SUMI
CIRCUIT COURT, BR. 2

| STATE OF WISCONSIN | CIRCUIT COURT | DANE COUNTY |
|---|---|---|

PAMELA WHITE,
4201 N. 22nd Street
Milwaukee, WI 53209,
individually and on behalf of
all others similarly situated,

    Plaintiff,

vs.

PLAYPHONE, INC.
c/o Bill Mongomery
525 Middlefield Rd., Suite 250
Menlo Park, CA 94025,

    and

MOBILEFUNSTER, INC. d/b/a
FUNMOBILE
c/o Cherry Ho
1500 Fashion Island Blvd., #209
San Mateo, CA 94404,

    Defendants.

File No.

08CV4066

S U M M O N S

Unclassified: 30703

---

THE STATE OF WISCONSIN, To each person named above as a Defendant:

    You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you. The complaint, which is attached, states the nature and basis of the legal action.

    Within 45 days of receiving this summons, you must respond with a written answer, as that term is used in chapter 802 of the Wisconsin Statutes, to the complaint. The court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the court, whose address is Dane County Courthouse, Room 1000, 215 S. Hamilton St., Madison, WI 53703, and to Frank Jablonski, Plaintiff's attorney, whose address is Progressive Law Group LLC, 354 West Madison Street, Madison, WI 53703. You may have an attorney help or represent you.

    If you do not provide a proper answer within 45 days, the court may grant judgment against you for the award of money or other legal action requested in the complaint, and you may lose your right to object to anything that is or may be incorrect in the complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be

enforced by garnishment or seizure of property.

Dated: October 31, 2008.

Signed: *Frank Jablonski*

Frank Jablonski, Plaintiff's Attorney
State Bar No: 1000174
Progressive Law Group LLC
354 West Main Street
Madison, WI  53703
Phone No: 608-258-8511

| STATE OF WISCONSIN | CIRCUIT COURT BRANCH ___ | DANE COUNTY |
|---|---|---|

PAMELA WHITE, individually and on behalf of all others similarly situated, )
)
    Plaintiff, )
)
        v. )
)
PLAYPHONE, INC., MOBILEFUNSTER, INC. )
d/b/a FUNMOBILE, and DOE DEFENDANTS )
1-20, )
)
    Defendants. )

**JURY TRIAL DEMANDED**

No. 08CV4966

## CLASS ACTION COMPLAINT

Plaintiff, by and through her attorneys, brings this action on behalf of herself and all others similarly situated, and alleges upon knowledge as to her own acts, and upon information and belief following investigation of her attorneys, against Defendants, MobileFunster, Inc., Playphone, Inc., and Doe Defendants 1-20, (individually and collectively hereinafter, "Defendants"), stating as follows:

### INTRODUCTION

1. Plaintiff seeks relief for herself and other persons in the State of Wisconsin who incurred Defendants' unauthorized mobile phone charges.

2. One of the Defendants, MobileFunster, Inc., only recently agreed to pay the Florida Attorney General $1 million to settle claims regarding its unauthorized mobile phone charges. As part of the settlement, announced in August 2008, MobileFunster, Inc. also agreed to cooperate with the Florida Attorney General's ongoing investigations of the third-party wireless content industry, which has become increasingly known for its proliferation of unauthorized mobile phone charges.

## PARTIES, JURISDICTION AND VENUE

3. Plaintiff is a citizen of the State of Wisconsin, where, at relevant times, Plaintiff has maintained and/or incurred charges for a mobile phone subscriber account including each Defendant's unauthorized charges.

4. Defendants MobileFunster, Inc. and Playphone, Inc. each have their principal place of business in the State of California.

5. MobileFunster, Inc. and Playphone, Inc. caused the unauthorized charges at issue to be billed to the mobile phone accounts of Plaintiff and the Class in the State of Wisconsin.

6. Doe Defendants 1-20 are officers, employees and agents of Defendants, and other entities, who are liable for the wrongful conduct alleged herein, and whom Plaintiff may name as additional Defendants upon learning their true identities following discovery.

7. Jurisdiction and venue are proper in this Court. The total amount at issue in this case, including all requested relief, is less than $75,000 for Plaintiff, and for each member of the Class, respectively; and Plaintiff disclaims any recovery and relief on behalf of herself and all other members of the Class in excess of $75,000 per individual.

## FACTS

8. Defendants are in the business of charging mobile phone subscriber accounts for a litany of "add-on" content and services (or "add-ons"), which include, *inter alia*, informational services such as horoscopes.

9. The add-ons are not included with the purchase of a mobile phone or mobile phone carrier subscription, but rather, purport to be legitimate third-party charges billed to and/or debited from Plaintiff and the Class. The add-on charges appear on Plaintiff's and the

2

Class members' mobile phone bills as a so-called premium text message, and are delivered through mobile phone devices via SMS technology and/or download.

10. Defendants not only charge for the add-ons, but also market, sign-up, purport to provide the content of, and/or distribute the add-ons.

11. Plaintiff and the Class did not authorize or consent to Defendants' add-on charges, which are the subject of this action.

12. Per Defendants' practice, in July 2007 Plaintiff incurred multiple add-on or premium text message charges on her mobile phone account – but without her consent, and which she never expected – from Playphone, Inc., and MobileFunster, Inc., respectively.

13. Further, per Defendants' practice, Plaintiff, upon receiving certain Defendant add-ons (albeit without her consent) could not actually use the add-ons because they were not compatible with her mobile phone and/or mobile phone carrier.

**Contrary to Federal Trade Commission Guidance and Industry Standards, Defendants Are Profiteering From The Rapidly Growing, But Illegal Practice of Unauthorized Mobile Phone Charges**

14. The growth of unauthorized premium text message charges has in recent years accelerated at a rampant pace. Juniper Research has reported that as many as 10 percent of all U.S.-based mobile-phone subscribers having already received and been annoyed by SMS spam. (http://www.sci-tech-today.com).

15. The Federal Trade Commission (FTC) has specifically targeted the practice of "cramming" charges for so-called optional services on telephone bills as a popular, but illegal practice in violation of Section 5 of the Federal Trade Commission Act.

16. The FTC's Bureau of Consumer Protection, Deputy Director, has noted publicly, "The problem of cramming represents the latest in a growing array of scams that

exploit new telephone technologies and the deregulated telephone billing system. In the deregulated telecommunications market, the billing system is now used to bill for a range of telephone-related products and services."[1]

17.     In an apparent attempt to address such issues, the Mobile Marketing Association ("MMA"), which is the industry trade group for mobile phone content providers, has developed an industry standard code of conduct for providing and charging for mobile content, such as content for which Defendants billed Plaintiff and the Class, aimed at consumer protection.

18.     The MMA provides that all parties involved in add-ons (including third-party mobile phone content delivered or billed as premium text messages) are to be familiar and compliant with this code of conduct in letter and spirit.

19.     The MMA code of conduct requires Defendants to be compliant, *inter alia*, with standards inclusive of the following:

    a.    that consumers approve mobile phone add-ons before receiving them;

    b.    that consumers be provided an opportunity to opt-in to an add-on;

    c.    that add-on charges require an affirmative double opt-in, by way of text message, to ensure consent to and authorization for the charge;

    d.    that the carrier is notified within five business days of receipt of a complaint or dispute of the validity of the charge;

    e.    that all material terms of an add-on, including whether the service is a subscription and subscription length, be clearly communicated; and

    f.    that the consumer must manually select acknowledgement of terms and conditions of the add-on.

---

[1] http://www.ftc.gov/opa/1998/07/cramming.htm.

4

20. Defendants each failed to implement business practices consistent with the MMA code of conduct, counter to industry standards and their duties of care to consumers upon whom they levy add-on charges. As a result Plaintiff and the Class incurred the add-on charges at issue.

21. Defendants chose to repeatedly charge Plaintiff and the Class for add-ons that were not properly authorized, marketed or approved consistent with MMA industry standards, because doing so inured to Defendants' revenue stream in the ballooning premium text message industry.

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action individually, and, pursuant to Wis. Stat. §803.08, on behalf of others similarly situated, defined as follows:

> PLAYPHONE CLASS: All persons in the State of Wisconsin who received a charge on their mobile telephone bill from Playphone, Inc. that they did not authorize.
>
> FUNMOBILE CLASS: All persons in the State of Wisconsin who received a charge on their mobile telephone bill from MobileFunster, Inc. that they did not authorize.[2]

23. Each Class is so numerous that joinder of all members is impracticable.

24. Plaintiff's claim is of common or general interest to the Class members. Questions of fact or law common to the Class members predominate over any questions affecting only individual members, and create a community of interest for each Class, including, by way of example, as follows:

    a. Did Playphone, Inc. impose add-on charges on Plaintiff and the Playphone Class?

---

[2] Unless expressly provided otherwise, references in this Complaint to the "Class" or "Class members" are to members of each Class.

  b. Did MobileFunster, Inc. impose add-on charges on Plaintiff and the FunMobile Class?

  c. Is Playphone, Inc. unjustly enriched from add-on charges incurred by Plaintiff and the Playphone Class?

  d. Is MobileFunster, Inc. unjustly enriched from add-on charges incurred by Plaintiff and the FunMobile Class?

  e. Are Defendants' above-described add-on charge practices consistent with industry consumer protection standards?

25. Plaintiff's claims are typical of the claims of the members of each Class.

26. Plaintiff is a member of each Class and will fairly and adequately protect the Class members' interests. Plaintiff seeks relief consistent with, and not antagonistic to the relief to be sought by the putative Class members and is represented by attorneys experienced in class action litigation.

27. Use of the class action device in this case would be superior to the maintenance of individual actions and entirely manageable, if not also supremely desirable, given Defendants' conduct which is equally applicable to Plaintiff and the Class, the questions of fact and law common to the entire Class, and the impracticability of individual remedies or litigation in light of both the relatively small amounts at issue per Class member, and Defendants' failure to remedy informal consumer complaints of unauthorized charges.

## CAUSES OF ACTION

28. Plaintiff brings each of the following causes of action, against all Defendants, on behalf of herself and the members of each Class.

### COUNT I – VIOLATION OF WIS. STAT. § 100.18

29. Plaintiff incorporates by reference and adopts and re-alleges the foregoing allegations as if fully set forth herein.

30. Defendants caused the subject add-on charges to be misrepresented on Plaintiff's and the Class members' mobile phone bills as valid, *bona fide* line-item charges for premium text message services provided.

31. Further, the very appearance and assertion of these charges on Plaintiff's and the Class members' mobile phone bills, courtesy of Defendants, deceptively conveys that the charges are due and owing.

32. Defendants know that their crammed add-on charges are but a few of scores of line-items and charges bunched together on mobile phone bills. Defendants purposefully misrepresented the charges to induce the Class to incur obligations to pay the charges.

33. Plaintiff and the Class did not authorize or consent to Defendants' add-on charges, and subject add-ons were in fact not usable by or deliverable to Plaintiff and the Class as more fully set forth above.

34. Defendants' above-described statements, misrepresentations and assertions about the add-on charges incurred by Plaintiff and the Class have the capacity or tendency to deceive or mislead, and in fact proximately caused damage to Plaintiff and the other members of the Class.

WHEREFORE, Plaintiff prays that the Court enter judgment in Plaintiff's favor and against Defendants, and grant the following relief to Plaintiff, both individually and on behalf of the Classes:

A. Find that Defendants are in violation of Wis. Stat. § 100.18;

B. Determine that this action may proceed as a class action, and appoint Plaintiff

        as Class representative and Plaintiff's counsel as Class counsel;

C.     Subject to ¶7 above, award damages to Plaintiff, find that the subject add-on charges are unlawful and unenforceable, order Defendants to cease and desist collection of the subject charges, and award reasonable attorney's fees and costs; and

D.     Provide such other and further relief the Court deems just.

### COUNT II – VIOLATION OF WIS. STAT. § 100.207

35.     Plaintiff incorporates by reference and adopts and re-alleges the foregoing allegations as if fully set forth herein.

36.     Wis. Stat. § 100.207 is expressly designed to protect consumers from unfair, false, and deceptive telecommunications charges. The statute clearly prohibits false and misleading representations of telecommunications charges:

> (2) ADVERTISING AND SALES REPRESENTATIONS. A person may not make in any manner any statement or representation with regard to the provision of telecommunications service, including the rates, terms or conditions for telecommunications service, which is false, misleading or deceptive, or which omits to state material information with respect to the provision of telecommunications service that is necessary to make the statement not false, misleading or deceptive.

Wis. Stat. § 100.207(2).

37.     The statute also specifically prohibits telecommunications charges that the customer did not "affirmatively order":

> (3) SALES PRACTICES. (a) A person may not engage in negative option billing or negative enrollment of telecommunications services, including unbundled telecommunications services. A person may not bill a customer for any telecommunications service that the customer did not affirmatively order unless that service is required to be provided by law, the federal communications

8

> commission or the public service commission. A customer's failure to refuse a person's proposal to provide a telecommunications service is not an affirmative request for that telecommunications service.

Wis. Stat. § 100.207(3).

38. In violation of § 100.207, Stats., Defendants imposed the subject add-on charges on Plaintiff's and the Class members mobile phone bills; caused those charges to be misrepresented on their bills as due and owing *bona fide* charges; failed to obtain Plaintiff's and Class members' affirmative consent to the charges; and failed to disclose that the add-ons would not be compatible and therefore could not be used with their mobile phones, and that the add-on charges were not authorized.

39. Plaintiff and the Class were harmed as a result.

WHEREFORE, Plaintiff prays that the Court enter judgment in Plaintiff's favor and against Defendants, and grant the following relief to Plaintiff, both individually and on behalf of the Classes:

    A.    Find that Defendants are in violation of Wis. Stat. § 100.207, and that Defendants' subject add-on charges are void and unenforceable;

    B.    Determine that this action may proceed as a class action, and appoint Plaintiff as Class representative and Plaintiff's counsel as Class counsel;

    C.    Subject to ¶7 above, award damages and/or enter an order rescinding validity of the subject add-on charges, require Defendants to account for all add-on charges improperly received as a result of their aforementioned conduct, establish a constructive trust consisting of monies received, for the benefit of the Class, until further order of the Court, order Defendants to cease and desist

collection of the subject charges, and award reasonable attorney's fees and costs (*see, e.g.* § 100.207(6), stats.); and

D.   Provide such other and further relief the Court deems just.

### COUNT III – UNFAIR TRADE PRACTICE – WIS. STAT. § 100.20

40.   Plaintiff incorporates by reference and adopts and re-alleges the foregoing allegations as if fully set forth herein.

41.   The Wisconsin Department of Agriculture, Trade, and Consumer Protection (DATCP) promulgates general orders (rules) forbidding methods of competition in business or trade practices in business, which are determined by the DATCP to be unfair. Wis. Stat. § 100.20(1), (2). Any person suffering pecuniary loss because of a violation by any other person of a DATCP rule proscribing unfair trade practices may recover double damages, costs, and reasonable attorney's fees. Wis. Stat. § 100.20(5).

42.   Defendants provide telecommunication services pursuant to DATCP's provisions. *See* Wis. Adm. Code § ATCP 123.01.

43.   DATCP requires disclosure, by clear and conspicuous statement designed to be readily noticed and understood by the consumer, and if the disclosure is made in writing, which is designed to be retained by the consumer, of material terms of their add-ons including the price, all charges, subscription terms, and incompatibility of add-ons with particular mobile phones and mobile phone providers. Further, DATCP prohibits billing for a telecommunication service unless affirmatively ordered by the consumer.

44.   For example, DATCP orders expressly provide as follows:

**ATCP 123.01 Definitions.**
. . . .
(5) "Disclose" means to make a clear and conspicuous statement

which is designed to be readily noticed and understood by the consumer and, if the disclosure is made in writing, which is designed to be retained by the consumer.

**ATCP 123.02 Disclosure to subscriber.** (1) SUBSCRIPTION TERMS. Except as provided under sub. (4) or (5), a provider shall disclose to a consumer the material terms of a proposed subscription at or before the time that the consumer subscribes. The disclosure shall include all of the following:

(a) A clear identification of each service offering included in the subscription, including the material consumer features, functions or capabilities which comprise that service offering.

(b) The price which the consumer must pay for each service offering. Prices may be disclosed as price schedules, rates or formulas, provided that the consumer can readily determine the total amount which he or she must pay. The price shall include the price for all goods and services which the provider bills to the consumer in connection with the service offering.

(c) All incidental charges that may affect the total amount payable by the consumer, including charges for connecting, changing or disconnecting service.

. . . .

**ATCP 123.06 Negative option billing.** (1) PROHIBITION. Except as provided under subs. (2) or (3), no provider may bill a consumer for a service offering that the consumer has not affirmatively ordered. A consumer's failure to reject a service offering is not an affirmative order for service. A consumer's affirmative order for service may be made orally, electronically or in writing, subject to s. ATCP 123.02.

See Wis. Adm. Code §§ ATCP 123.01, 123.02, 123.06.

45. In violation of the DATCP provisions, Defendants imposed add-on charges on Plaintiff and the Class without obtaining their prior affirmative consent, and without, at or before the time of purported subscription, "disclosing" the material terms in the manner required by the above-ATCP rules, including the price, all charges, subscription terms, and incompatibility of add-ons with particular mobile phones and/or mobile phone providers.

11

46. Not only was Plaintiff unaware that she would receive initial or ongoing subscription charges from Playphone, Inc. and Mobilefunster, Inc., but also, Defendant add-ons sent to her phone, for which she was charged without her consent, were incompatible with and/or non-operational on her mobile phone.

47. Had Defendants heeded the applicable DATCP rules, Plaintiff and the Class could have had a reasonable opportunity to avoid being subject to the unauthorized add-on charges.

48. Plaintiff and the Class were damaged and adversely affected by Defendants' above-described violations of the ATCP code.

WHEREFORE, Plaintiff prays that the Court grant judgment in Plaintiff's favor and against Defendants, and grant the following relief to Plaintiff, both individually and on behalf of the Classes:

A. Find that Defendants are in violation of Wis. Adm. Code §§ ATCP 123.02 and 123.06 and Wis. Stat. § 100.20(5);

B. Determine that this action may proceed as a class action, and appoint Plaintiff as Class representative and Plaintiff's counsel as Class counsel;

C. Subject to ¶7 above, award Plaintiff and the Class statutory damages, require each Defendant to account for all monies improperly received as a result of its aforementioned conduct, enjoin each Defendant from dispersing said monies, and impose a constructive trust on said monies until further order of the Court, and award reasonable attorneys' fees and costs (*see, e.g.,* § 100.20(5), stats.); and

D. Provide such other and further relief the Court deems just.

12

## COUNT IV
## UNJUST ENRICHMENT

49. Plaintiff incorporates by reference and adopts and re-alleges the foregoing allegations as if fully set forth herein.

50. As more fully set forth above, Defendants' above-described practices and imposition of add-on charges incurred by Plaintiff and the Class violate the law, public policy, and industry standards.

51. Defendants have unjustly retained sums and obligations to pay, received via their cramming of third-party add-on charges on Class members' mobile phone accounts.

52. Defendants were unjustly enriched as a result of their wrongful conduct by causing Plaintiff and the Class to incur Defendants' respective add-on charges.

53. Defendants' assertion, imposition and/or collection of the unauthorized add-on charges from Plaintiff and the Class violates fundamental principles of justice, equity and good conscience.

54. As a result, Plaintiff and the Class members are entitled to restitution in an amount to be proven at trial.

WHEREFORE, Plaintiff prays that the Court grant judgment in Plaintiff's favor and against Defendants, and grant the following relief to Plaintiff, both individually and on behalf of the Classes:

A. Find that Defendants are unjustly enriched by virtue of their herein alleged conduct;

B. Determine that this action may proceed as a class action, and appoint Plaintiff as Class representative and Plaintiff's counsel as Class counsel;

C. Subject to ¶7 above, award restitution to Plaintiff and the Class, require each Defendant to account for all monies improperly received as a result of their aforementioned conduct, enjoin each Defendant from dispersing said monies, impose a constructive trust on said monies until further order of the Court, and award reasonable attorney's fees and costs; and

D. Provide such other and further relief the Court deems just.

### JURY DEMAND

Plaintiff demands a trial by jury of all causes of action and matters complained of herein that are so triable.

Respectfully Submitted,

By: *Frank Jablonski*
*Plaintiff's Counsel*

Frank Jablonski
**Progressive Law Group LLC**
354 W. Main Street
Madison, WI 53703
(608) 258-8511 (voice)
(608) 442-9494 (fax)